# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9219 | **DATE** | 11/28/12 |
| **CASE TITLE** | Kevin A. Birdo (B-28737) v. Leah Urbanosky | | |

**DOCKET ENTRY TEXT:**

The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* [3]. Trust fund officials at Plaintiff's place of confinement are authorized to deduct $12.33 from Plaintiff's trust fund account as an initial partial payment of the filing fee and to continue making deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall mail a copy of this order to the trust fund office at Stateville Correctional Center. Plaintiff may proceed with his claim of deliberate indifference to a serious medical need against Dr. Leah Urbanosky and the clerk is also directed to issue summonses for service of the complaint on this Defendant. Plaintiff's other claims against Dr. Urbanosky and against Hinsdale Orthopaedic Clinic are dismissed. Hinsdale is dismissed as a Defendant. The clerk shall send Plaintiff a Magistrate Judge consent form and instructions for filing documents in this Court. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [For further details see text below.]    Docketing to mail notices.

# STATEMENT

    Plaintiff, Kevin Birdo, an Illinois prisoner incarcerated at the Stateville Correctional Center, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against Dr. Leah Urbanosky and the Hinsdale Orthopaedic Clinic. Plaintiff alleges that he sustained a broken pinky on August 1, 2012. He did not see Dr. Urbanosky until August 22, 2012, at which time, she informed him that his pinky had healed incorrectly and had to be broken again and surgically reset. According to Plaintiff, Dr. Urbanosky scheduled a surgery for September 20, 2012, but then canceled it on September 19, 2012, because she either was on vacation or performed surgery on someone else. Surgery was not performed until October 9, 2012. Plaintiff contends that Dr. Urbanosky knew that Plaintiff's broken finger was painful but deliberately delayed surgery because she preferred to operate on a "non-incarcerated white individual." Plaintiff further contends that Hinsdale Orthopaedic Clinic has a policy of allowing doctors and employees to prioritize surgeries, allowing them to schedule white non-incarcerated persons before black inmates. Plaintiff also alleges that Hinsdale should not allow doctors to go on vacation when patients are in need of surgery.

    Plaintiff seeks to proceed *in forma pauperis* ("IFP"). Finding that Plaintiff is unable to prepay the $350 filing fee, the Court grants his IFP motion, and assesses an initial partial filing fee of $12.33. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect the initial partial payment from Plaintiff's trust fund account and forward it to the clerk of this court. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, U.S. District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Stateville officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

The Court has conducted a preliminary review of the allegations stated above pursuant to 28 U.S.C. § 1915A. Plaintiff's allegations that Dr. Urbanosky knew that he needed surgery as soon as possible but deliberately disregarded that need states a colorable claim of deliberate indifference. *See Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (allegations that a doctor's decision represents "a substantial departure from accepted professional judgment, practice, or standards" state a claim of deliberate indifference); *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (a delay of medical treatment may constitute deliberate indifference, depending on the seriousness of the condition, the defendant's awareness, and the ease of providing treatment). Dr. Urbanosky must respond to this claim.

The claims that Dr. Urbanosky and Hinsdale discriminated against Plaintiff, however, are dismissed. Although Plaintiff states the elements of an Equal Protection claim, he merely speculates that the Defendants treat non-African American patients more preferentially than African American inmates. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Accordingly, the discrimination claims against the Defendants are dismissed without prejudice. If Plaintiff is able to allege facts to support this claim, he may seek to file an amended complaint; however, his current allegations do not sufficiently state an Equal Protection claim.

As to Plaintiff's claim that Hinsdale has a policy that allows doctors to take vacations while patients require emergency surgery for conditions that are causing severe pain, Plaintiff provides nothing more than suppositions that such a policy exists and his lone unfortunate experience is insufficient to establish a policy. *See Palmer v. Marion County*, 327 F.3d 588, 596 (7th Cir. 2003) (proof of an isolated act of misconduct is generally considered insufficient to establish a policy or custom).

Accordingly, Plaintiff may proceed with his claim of deliberate indifference against Dr. Urbanosky. His claims of discrimination against Dr. Urbanosky and Hinsdale are dismissed, as are his claims that Hinsdale has enacted or allowed an unconstitutional policy. Hinsdale is dismissed as a Defendant.

The clerk shall issue summonses for service of the amended complaint on Dr. Leah Urbanosky, and the U.S. Marshal is directed to serve her. The Marshal may forward to Plaintiff forms that may be necessary for service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendants. If a Defendant is no longer employed or associated with Stateville, Wexford, or the Hinsdale Clinic, officials there shall provide the last known address of the Defendant, which shall be used only to effectuate service and which shall neither be kept in the court's file nor disclosed by the Marshal. The Marshal may attempt to obtain waivers of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain waivers, personal service must be attempted.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Neither the claims nor the issues of discovery of this case are complex, and Plaintiff appears competent to represent himself at this stage. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

Plaintiff must submit a judge's copy of all filings and must send a copy of all filings to Defendants, or to their attorney, after one enters an appearance on their behalf. Plaintiff must include a certificate of service with each filing that states to whom and the date copies were mailed. Letters sent directly to the judge, as well as any submissions to the court that do not comply with the court's instructions, may be returned to Plaintiff without being filed.