IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Kevin A. Birdo (B-28737)** | ) | |
|     **Plaintiff,** | ) | **District Court No. 12 C 9219** |
| | ) | **Appellate Court Nos. 14-1157 & 14-1188** |
| v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **Dr. Urbanosky, et al.** | ) | |
|     **Defendants.** | ) | |

## ORDER

    Plaintiff's motion for leave to appeal *in forma pauperis* [104] is denied. The court certifies that the motion for leave to appeal is untimely and that any appeal is not taken in good faith. The clerk is directed to send a copy of this order to the trust fund officer at Pontiac Correctional Center and the PLRA Attorney for the U.S. Court of Appeals, Seventh Circuit.

## STATEMENT

    Plaintiff Kevin Birdo, an Illinois prisoner confined at Pontiac Correctional Center, has submitted a motion to proceed *in forma pauperis* ("IFP") on appeal. On March 21, 2014, the Seventh Circuit dismissed Plaintiff's appeal for failing to satisfy the filing fee requirement. Also on March 21, 2014, this Court docketed Plaintiff's motion to proceed IFP on appeal, which was received on March 19, 2014. The Court assumes that the Seventh Circuit had no knowledge of the IFP motion when it entered its dismissal. To the extent the IFP motion is properly before this Court, the motion must be denied.

    First, Plaintiff's IFP motion is untimely. The motion is dated March 9, 2014, and was received by this court on March 19, 2014. (Doc. 104 at cover page and 9.) According to the Seventh Circuit's notification to Plaintiff, he had fourteen days from the date his appeal was docketed to satisfy the appellate filing fee requirement by either prepaying the $505.00 fee or submitting an IFP application in this court. Plaintiff's appeal was docketed on January 29, 2014, and his IFP motion was thus due on February 12, 2014. (Doc. 98) Plaintiff actually filed two notices of appeal, and he received two notifications from the Seventh Circuit of his need to satisfy the filing fee within 14 days; this court will consider the date of the later notice as controlling. Even considering the earliest possible date Plaintiff could have filed his IFP motion (March 9, 2014) and the latest possible date it was due (February 12, 2014), Plaintiff's IFP motion was 25 days late.

    The Court notes that Plaintiff sent a letter to the Court stating that his legal mail was withheld and his access to Pontiac's library was denied in retaliation for his filing suit against a Pontiac official. (Doc. 105.) The affidavit accompanying his IFP motion, however, is dated February 4, 2014, only six to eight days after the Seventh Circuit's January 27 and 29, 2014, notifications to Plaintiff of his need to satisfy the filing fee requirement. (Doc. 104 at 1.) It appears that Plaintiff may have received an IFP application, filled out the sections he was able to, and then submitted a completed application once he received a copy of his prison trust fund account statement from the prison; however, Plaintiff should have requested additional time from this court to submit the IFP

motion. Accordingly, for the above-stated reasons, Plaintiff's IFP motion is untimely.

In addition to the IFP motion being untimely, the Court certifies that the appeal is not being taken in good faith. 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). A finding of no good faith is comparable to a finding that an appeal would be frivolous. *Lee v. Clinton*, 209 F .3d 1025, 1026 (7th Cir. 2000) (a finding that an appeal is not taken in good faith is essentially equivalent to a finding of frivolousness, *i.e.*, "that no reasonable person could suppose [the appeal] to have any merit"). "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 565 (7th Cir. 2011) (citation and internal quotation marks omitted); *In re Gulevsky*, 362 F.3d 961, 964 (7th Cir. 2004) ("An appeal is frivolous when the appellant's arguments are utterly meritless and have no conceivable chance of success.").

This Court dismissed this case as a sanction for Plaintiff's behavior. On November 22, 2014, the Court received a pleading from Plaintiff with a small, sharp piece of mirror-glass. (Docs. 86, 89.) The Court noted that there was no reason for including a sharp object with a pleading, which the Court construed as a threatening gesture. (Doc. 86.) "A district court has inherent authority to sanction conduct that abuses the judicial process." *Montano v. City of Chi.*, 535 F.3d 558, 563 (7th Cir. 2007). Such a sanction may include dismissal. *White v. Williams*, 423 Fed. Appx. 645, 646-47 (7th Cir. 2011). Conduct demonstrating a lack of respect for the court has warranted dismissal. *See Petito v. Brewster*, 562 F.3d 761, 762-63 (5th Cir. 2009) (party ignored court orders, used vulgarity when referring to judicial officials, and sent threatening emails to opposing counsel); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (appeal dismissed based upon appellant briefs' abusive language against a district court judge and opposing counsel).

To the extent Plaintiff's IFP motion is properly before this court, the motion is untimely and even assuming it is timely, the Court certifies that the appeal is not taken in good faith.

**Date**: March 25, 2014

**Ronald A. Guzmán**
**United States District Judge**